# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JIMMY A. GORDON**                                                                                  **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 4:17-CV-108**

**COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on Plaintiff's Complaint under 42 U.S.C. § 405(g) and1383(c)(3) for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding an application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during a hearing held in this matter, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record.

The ALJ had good cause for discounting the weight attributed to Dr. Thompson's opinions. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) ("When good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence"). Dr. Thompson's February 5, 2016, checkbox opinion

typifies "brief or conclusory" testimony and the opinions offered therein are unsupported by the record evidence. *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding that the "questionnaire" format typifies "brief or conclusory" testimony). All of the neurological and neuropsychiatric examinations done by Dr. Thompson demonstrate normal findings, and the record contains no evidence of any functional limitations consistent with Dr. Thompson's opinions. Additionally, only one treatment record documents any side effect of Plaintiff's medication while multiple other records specifically state that Plaintiff experienced no medication side effects.

The ALJ did not err in evaluating Dr. Whelan's mental evaluation. As the ALJ found, the record does not support more than mild functional limitations attributed to Plaintiff's diagnoses of anxiety and depression. Dr. Whelan opined that Plaintiff "probably has some difficulty maintaining his attention and concentration" yet offered no functional limitation associated with his opinion. While Dr. Thompson's records do evidence his diagnoses and treatment of these impairments, his records consistently document normal neuropsychiatric findings and demonstrate no functional limitations associated with these imparments.

Lastly, the ALJ properly evaluated Plaintiff's subjective allegations of pain. The ALJ discussed Plaintiff's hearing testimony regarding his "constant, horrible back pain," neck and shoulder pain, and memory problems, yet assigned a RFC consistent with the limitations demonstrated in the record. Disabling pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment. *Haywood v. Sullivan*, 888 F.2d 1463, 1470 (5th Cir. 1989). It is within the ALJ's discretion to determine the disabling nature of a claimant's pain. *Jones v. Heckler*, 702 F.2d 616, 621-22 (5th Cir. 1983). Here, the objective medical evidence documenting normal musculoskeletal examinations, as well as multiple treatment notes reflecting the plaintiff reported feeling well, contradict Plaintiff's subjective complaints

regarding the disabling nature of his pain. The ALJ considered the subjective evidence of pain as she was required to do and determined that Plaintiff's pain was not disabling. The ALJ's findings on this issue are entitled to considerable judicial deference. *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986).

For the reasons stated herein and on the record at the conclusion of the parties' oral argument, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED AND ADJUDGED** this, the 29th day of March, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE